JOHN HOFMAN CO. v. MURPHY et al.

(Supreme Court, Special Term, Monroe County. April 6, 1909.)

1. APPEAL AND ERROR (§ 1195*)—REMAND ON REVERSAL—RETRIAL—RULE OF DECISION.

In an action to replevin goods of which defendant claims possession under his appointment as receiver in bankruptcy, the decision of the federal Supreme Court holding that, if the receiver had possession of the property, his possession could not be disturbed by a state court, and that the goods could not be taken from his possession under the circumstances, was the law of the case on remand.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4661–4665; Dec. Dig. § 1195.*]

2. BANKRUPTCY (§ 20*)—CONFLICT IN JURISDICTION—POSSESSION OF RES—POSSESSION BY RECEIVER.

If a federal District Court has possession of property through its receiver, one claiming the property can only obtain relief in the federal court,

however meritorious his claim may be; the state courts having no juris-diction.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 23; Dec. Dig. § 20.*]

3. PLEADING (§ 376*)—ANSWER—ADMISSIONS—ISSUE.

Where, in replevin for goods, the answer admitted the value of the goods to be a certain sum, there was no issue as to their value, so as to require evidence on that question.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1225–1227; Dec. Dig. § 376.*]

4. VENUE (§ 52*)—CHANGE—CONVENIENCES OF WITNESSES.

Where, excepting certain written evidence, most of the evidence would be given by witnesses from Rensselaer county which would involve much expense in witnesses' fees as well as inconvenience to witnesses, the case will be transferred to that county from Monroe county.

[Ed. Note.—For other cases, see Venue, .Cent. Dig. §§ 76, 77; Dec. Dig. § 52.*]

Action by the John Hofman Company against Edward Murphy, 2d, and another. On motion for leave to renew a motion for change of venue. Motion granted.

Edward Murphy, for the motion.
John A. Barhite, opposed.

BENTON, J. The law of this case has been settled by the decision of the Supreme Court of the United States, October term, 1908, re-versing the judgments of the state courts. 211 U. S. 562, 29 Sup. Ct. 154, 53 L. Ed. ——. Regardless of the merits of plaintiff's claim, unless the state courts have jurisdiction, it can obtain no relief therein.

Defendant Murphy claimed possession of the goods replevined under and by virtue of his appointment by the District Court of the United States as receiver in bankruptcy of the Dodge Dry Goods Company. The law of this case is settled to the effect that if such District Court, through its said receiver, had possession of this property, it is thereby withdrawn from the jurisdiction of all other courts, and the only relief possible to the plaintiff is in the United States court, for that court's possession of the property cannot be disturbed by the process of anoth-er court.

Questions which are to determine whether or not the jurisdiction of the United States court is conclusive are these: When and in what capacity did the defendant take possession of the goods claimed by plaintiff?

The transaction and the witnesses for the most part in this branch are in Troy, N. Y. The goods consisted of 314 feet of quartered oak, plate-glass show cases, also three cases of round posts of the value of $4,000. There is no issue as to the value, for that is admitted in the answer of the defendant, so that plaintiff's suggestion of witnesses on the question of value is unsubstantiated, as that cannot be disputed. The 314 feet of show casing was contracted for with William Schwarz-waelder & Co. of New York. They turned this portion of the contract over to plaintiff. There is no dispute but that plaintiff made the show cases and shipped them, and that they were set up and in use in the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Dodge Dry Goods Company's store at Troy, N. Y. Plaintiff's claim of title rests upon the allegation that the Dodge Dry Goods Company did not accept the goods. The evidence of this is in writing in the form of contracts and letters.

Of the witnesses called by plaintiff upon the trial, four were from Troy, and one from Monroe county. Defendant offers to have the evidence of Mr. Pierce, the witness from Monroe county, read at the trial in Renssalaer county with the same effect as if he was present and testified.

Plaintiff's attorney says in his affidavit used upon the former motion:

"I have in my possession the letters referred to in the affidavit of Mr. John Hofman upon this motion and have examined those letters, and I verily believe that the issues of this action must be determined upon the correspondence which has taken place between the plaintiff, William Schwarzwaelder and Company and the Dodge Dry Goods Company."

This was manifestly said leaving out of view the issue of the time and character of the possession of the defendant Murphy. Aside from the written evidence, it is manifest that most of the witnesses must be called from Troy. This would involve a large expense in witnesses' fees as well as inconvenience to them.

As the law and fact of this case now appear, it seems to me that the motion of the defendant should be granted, and that leave be given him to renew his motion to change the place of trial from the county of Monroe to the county of Renssalaer, and that such change be ordered with $10 costs of this motion to the defendant Murphy, to abide the event.

So ordered.